**Appeal Dismissed and Memorandum Opinion filed April 4, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00123-CR

_____

**DARRYL GREGORY GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1354360**

## MEMORANDUM OPINION

Appellant Darryl Gregory Guillory pleaded guilty in 2013 to aggravated assault. On April 22, 2013, the trial court sentenced appellant to 50-years-imprisonment in accordance with the terms of a plea-bargain agreement between appellant and the State. Appellant filed a notice of appeal on February 5, 2019.

We lack jurisdiction over this appeal for two reasons: the notice of appeal was not filed timely, and this is a plea bargain case for which appellant does not have permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed more than five years after his sentence was imposed. Therefore, the appeal was not timely perfected, and we lack jurisdiction.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishment does not exceed the agreed length of confinement. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeal.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain

Do Not Publish — Tex. R. App. P. 47.2(b).